UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
HECTOR ORTIZ

Plaintiff.                  **COMPLAINT AND
DEMAND FOR JURY TRIAL**

-against-

THE UNITED STATES OF AMERICA, THE TRANSPORTATION
AND SECURITY ADMINISTRATION,
THE PORT AUTHORITY OF NEW YORK & NEW JERSEY,
JET BLUE AIRWAYS and
JOHN DOES 1-5, Individually and in their Official
Capacities,

Defendants.
-------------------------------------------------x

Plaintiff, HECTOR ORTIZ, by and through their attorneys, **Fisher, Byrialsen & Kreizer**

**PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and The Federal Tort

Claims Act, as well as certain New York State Law Statutes and Constitution, for the wrongful

acts of Defendants THE UNITED STATES OF AMERICA (hereinafter "USA"), THE

TRANSPORTAION AND SECURITY ADMINISTARION (hereinafter "TSA"), THE PORT

AUTHORITY OF NEW YORK & NEW JERSEY (hereinafter "PAPD"), JET BLUE

AIRWAYS (hereinafter "JetBlue"), and JOHN DOES 1-5, acting under color of state law and

pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of

1871, 42 U.S.C. §§ 1981, 1983, 1985, 1988; by the United States Constitution, including its

Fourth, Fifth, Eighth, and Fourteenth Amendments; and The Federal Tort Claims Act and by the

laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and The Federal Tort Claims Act, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights and certain state law claims.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States and is premised on the acts and omissions of defendants acting under the color of federal law as well as pursuant to 28 U.S.C. § 1346(b)(1) in that this is a claim against The United States of America and agencies of The United States of America, for money damages, accruing on and after January 1, 1945, for injury and personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the scope of their office or employment, under circumstances where The United States of America, if a private person, would be liable to the plaintiff in accordance with the laws of the places where the act or omission occurred.

5. Jurisdiction founded upon the federal law is proper in that this action is premised upon causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et. seq. the United States Supreme Court's ruling in Bivens v. Six Unknown Named Agents of Fed. Bureau

of Narcotics, 403 U.S. 388, 397 (1971) as well as pursuant to the Fourth and Fifth Amendments to the Constitution of The United States of America.

6. This is an action to redress under the color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth and Fifth Amendments to the Constitution of the United States, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et. seq. and arising under the laws and statutes of the State of New York.

7. Venue is appropriate in this Court pursuant to 28 USC §§ 1391(e)(2) in that this is an action against the United States of America and agents thereof and the action complained of occurred in Queens County, New York.

8. Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et. seq., plaintiff on or about April 17, 2012 presented his claim to the appropriate Federal agency (The Transportation and Security Administration "TSA") for administrative settlement under the FTCA pursuant to 28 USC § 2672 et. seq.; and by letter dated May 2, 2012, Brett Barber an authorized agent of the TSA, informed Plaintiff that the TSA was denying the claim.

9. As to defendant, United States of America, this action is timely pursuant to 28 USC §2401(b) in that it was presented to the appropriate agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

10. 28 USC § 2679 (b)(2)(A) expressly waives immunity for the defendants here named in their capacities as individuals and allows plaintiff to proceed against these individuals for violations of his rights guaranteed by the United States Constitution.

11. As to defendant PAPD, plaintiff brings this action within the statute of limitations for the respective states in that this action was brought within three years of the accrual of the claims

3

caused by defendants' violations of plaintiff's rights satisfying the applicable statutes of New York State.

12.  Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

13.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## NOTICE OF CLAIM

14. Plaintiff Hector Ortiz filed an original Notice of Claim with the Port Authority of New York and New Jersey on or about January 19, 2012 and then an amended Notice of Claim on April 13, 2012, within one year of the events complained of herein.  More than 60 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

15.  Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

16.  At all times relevant hereto Plaintiff Hector Ortiz was and is a citizen of the United States and was residing in The Bronx, New York at the time of the incident.

17.  At all times relevant hereto defendant THE UNITED STATES OF AMERICA

4

(hereinafter, "USA") was and is a Govermental Enity employing TSA Officials at the JFK Terminal.

18. At all times relevant to this action, Defendant, PAPD employed the John Does Officers who committed the acts complained of herein.

19. Defendant JetBlue employed and trained employees responsible for the actions complained of in this complaint.

## FACTS

20. On June 26, 2011, at approximately 10:00 p.m., Plaintiff Hector Ortiz, a Hispanic male, was at the ticket counter are at the JetBlue Terminal in JFK Airpoirt.

21. Mr. Ortiz was had purchased a ticket from JetBlue to Puerto Rico, however, he missed that flight.

22. Plaintiff was having a discussion with one of the ticket agents employed by JetBlue and he became upset.

23. Plaintiff was then grabbed from behind and his arms were violently and painfully wrenched behind his back.

24. Plaintiff was violently thrown to the ground face first causing serious physical injury.

25. As a result of the above actions, Mr. Ortiz had to be rushed to the hospital where he received 19 stitches on his face and was diagnosed as having a fractured maxillary nasal spine as well as a severe laceration and other injuries.

26. Mr. Ortiz also suffered emotional and psychological injuries as a result of this incident.

5

### FIRST CLAIM FOR RELIEF:
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

27. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

28. The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

29. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

30. As a result of the excessive force and brutality inflicted on plaintiff, he received 19 stitches to his face and was diagnosed as having a fractured maxillary nasal spine as well as a severe laceration and other injuries. Plaintiff also endured serious emotional and psychological distress.

31. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable for said damage.

### SECOND CLAIM FOR RELIEF:
### ASSAULT AND BATTERY

32. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33. By the aforementioned actions, the Defendants did inflict assault and battery upon Plaintiff Ortiz. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff Ortiz and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

34. As a result of the foregoing, Plaintiff suffered specific bodily injury, pain and

6

suffering, great humiliation, mental anguish, costs, and expenses and were otherwise damaged

and injured. Pursuant to 28 U.S.C. §1367, this Court has pendant jurisdiction to hear and

adjudicate such claims.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF PURSUANT TO THE FTCA**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in the

prior paragraphs with the same force and effect as is more fully and at length set forth herein.

34. Under the FTCA the defendant United States is liable for the above described actions

of the John Doe employees/officers as they were acting within the scope of their employment.

35. The plaintiff's rights have been violated in that the plaintiff was assaulted in violation

of the plaintiff's rights due to the acts of the individual defendants.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
**PURSUANT TO THE SUPREME COURT RULING IN**
**BIVENS V. SIX UNKNOWN AGENTS**

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in the

prior paragraphs with the same force and effect as is more fully set forth herein.

39. The plaintiff was falsely assaulted by the defendants.  As a direct result of defendants'

actions and conduct, plaintiff was deprived of rights, privileges and immunities under the Fourth,

Fifth, Eighth and Fourteenth Amendments of the United States Constitution being more

particularly plaintiff's rights: to be secure in their persons, papers, and effects against excessive

force; and the right to the equal protection of the laws secured by the Fourteenth Amendment to

the Constitution of the United States.

40. That said actions, assaults and batteries were caused by the deliberate indifference of

7

defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law.

41. Defendants John Doe 1-5 were deliberately indifferent inasmuch as they showed a carless deliberate indifference to plaintiff's well being and safety.

43. By reason of the violation of the plaintiff's constitutional rights by the defendants, plaintiff was caused to experience physical and psychological pain and suffering, incur expenses, lose earnings, suffer damage to their reputations and in other respects, was damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Actual damages in the amount of Two Million ($2,000,000.00) DOLLARS; and

2. Punitive damages in the amount of Three Million ($3,000,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:        New York, New York
              June 20, 2012

                                        Respectfully submitted,


                                        David Fisher, Esq. (DF5541)

                                        FISHER, BYRIALSEN & KREIZER PLLC
                                        *Attorney for Plaintiff*
                                        291 Broadway, Suite 709
                                        New York, New York 10007
                                        (212) 962-0848 ext. 112

8